UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEIVID GUILLERMO PANTOJA SANCHEZ, <br><br> Petitioner, <br><br> v. <br><br> JULIO HERNANDEZ, et al., <br><br> Respondents. | Case No. 2:26-cv-00884-TMC <br><br> ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

## I.    INTRODUCTION AND BACKGROUND

Petitioner, Deivid Guillermo Pantoja Sanchez, a 31-year-old citizen of Venezuela, entered the United States in 2022 without inspection, was apprehended by immigration officers upon arrival, and was subsequently paroled into the country under 8 U.S.C. § 1182(d)(5).[1] Dkt. 6 at 2; Dkt. 8-1 at 2–3. Petitioner apparently lived with his uncle in Yonkers, New York until he was apprehended again on January 5, 2026, while driving in New Jersey, during a targeted enforcement operation by Immigration and Customs Enforcement ("ICE") officers. Dkt. 1 ¶ 3; Dkt. 8-1 at 3. ICE initially detained Petitioner in a facility in Newark, New Jersey but then

---

[1] Petitioner states initially in his petition that he entered the United States in 2002, but he later states the date as 2022. *See* Dkt. 1 at ¶¶ 2, 37. Exhibits provided by Respondents show that he entered the country in 2022. *See, e.g.*, Dkt. 8-1 at 3.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 1

transferred Petitioner to the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington.

On January 13, 2026, Petitioner filed a request for bond with an Immigration Judge ("IJ") in New Jersey; two days later, the IJ denied the request, finding that Petitioner was ineligible for bond. Dkt. 7 at ¶¶ 13–14; Dkt. 8-6 at 2. On February 19, 2026, ICE charged Petitioner as inadmissible pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). Dkt. 7 at ¶ 16. On March 11, 2026, Petitioner filed written pleadings indicating that he would seek relief from removal. *Id*. at ¶ 17.

On March 16, 2026, Petitioner filed this petition for a writ of habeas corpus, arguing that his mandatory detention is unlawful because he is entitled to consideration for release on bond. Dkt. 1. On March 31, Respondents filed their return.  Dkt. 6. On April 13, the Court ordered Petitioner to show cause why the petition should not be dismissed for lack of jurisdiction due to his failure to name the Warden of NWIPC as a respondent. Dkt. 9. *See Doe v. Garland*, 109 F.4th 1188, 1190 (9th Cir. 2024). On April 22, Petitioner filed an amended petition adding the Warden of NWIPC as Respondent. Dkt. 10. The Court construes the amended petition liberally as a motion to add the Warden as a party and grants it under Federal Rule of Civil Procedure 21.

On May 10, Respondents filed a notice informing the Court that they would not be filing a supplemental return in response to the amended petition. Dkt. 11. The matter is thus ready for the Court's consideration. For the reasons set forth below, the Court DENIES the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws

or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

### III.    DISCUSSION

This case primarily concerns two sections of the Immigration and Nationality Act ("INA"): 8 U.S.C. §§ 1225(b)(2) and 1226(a). Section 1226(a), which is the "default rule" for noncitizens present in the United States who are arrested and placed in immigration detention, permits the government to release a detainee on bond during the pendency of the detainee's removal proceedings. *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1225(b)(2) applies more narrowly, mandating detention of "applicant[s] for admission" who are "seeking admission" to the United States and are not "clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). The crux of this case is whether Petitioner is subject to mandatory detention under § 1225(b)(2) or discretionary detention under § 1226(a).

The Court examined this distinction at length in *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025) and granted summary judgment to members of a certified class of noncitizens (the "Bond Denial Class") who had been detained improperly under § 1225(b)(2) instead of under § 1226(a). The Court defined the class to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d at 1336. The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 3

Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Although Petitioner does not expressly rely on the Court's decision in *Rodriguez Vazquez*, he challenges the validity of his current detention under 8 U.S.C. § 1225(b) and claims to fall under the protection that *Rodriguez Vazquez* and other district courts have provided. *See* Dkt. 10 ¶¶ 30–34 (citing cases that interpret the INA to allow certain noncitizens to seek a bond hearing under § 1226(a) and rejecting Respondents' view that detention is mandatory under § 1225(b)(2)).  Respondents counter that because Petitioner was apprehended upon arrival in the United States, he fails to satisfy the second prong—that a noncitizen not be "apprehended upon arrival"—of the three-prong test for class membership under *Rodriguez Vazquez.* Dkt. 6 at 8–9.

The Court agrees that Petitioner does not qualify for membership in the *Rodriguez Vazquez* Bond Denial Class. His undisputed apprehension upon arrival in 2022 renders him ineligible for habeas relief on that ground. However, this does not mean that he is automatically subject to mandatory detention under § 1225(b). *See Castillo v. Wamsley*, Case No. 2:25-cv-02054-TMC, 2025 WL 3524932 (W.D. Wash. Nov. 26, 2025). "In general, the default discretionary bond procedures in section 1226(a) apply to noncitizens who, like Bond Denial Class members, are present in the United States without being admitted or paroled under section 1182(a)(6)(A) and are not subject to mandatory detention under another section of the statute." *Bello Chacon v. Hermosillo*, Case No. 2:25-cv-02299-TMC (W.D. Wash. Dec. 12, 2025), 2025 WL 3562666 at *2 (internal quotes and citations omitted).

In determining whether a petitioner who has been apprehended on arrival, released, and later apprehended again is subject to discretionary detention under § 1226(a) or mandatory detention under § 1225(b), the Court considers the government's treatment of the petitioner

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 4

seeking habeas relief as "particularly relevant." *Singh v. Noem*, Case No. 2:26-cv-00766-TLF (W.D. Wash. April 17, 2026), 2026 WL 1045507 at *3, *quoting Castillo* at *5. Where a petitioner has been treated by Respondents as subject to discretionary detention under section 1226, rather than mandatory detention under section 1225, the former is more likely to apply. *See Castillo* at *6. Accordingly, the Court examines Petitioner's factual circumstances and treatment by the government since his arrival in the United States.

Petitioner entered the United States in 2022 and was immediately taken into custody, but was released to live with his uncle. Dkt. 1 ¶ 3; Dkt. 6 at 2; Dkt. 8-1 at 2–3. The basis for Petitioner's release from custody was "parole" under 8 U.S.C. § 1182(d)(5) with supervision requirements. Dkt. 6 at 2; Dkt. 8-2 at 3. Petitioner's parole expired on December 7, 2022. Dkt. 8-2 at 3. He then resided in the United States for over three years before his most recent apprehension in January 2026. Dkt. 6 at 3.

The fact that Petitioner was released on parole indicates the government never considered him to be "admitted" into the country. As the Court observed in *Castillo*: "When the government releases a § 1225 detainee under humanitarian parole, it reserves the right to continue to treat the non-citizen as if 'stopped at the border.' In other words, that parolee could be treated as seeking admission despite a long period of living in the United States while on humanitarian parole." *Castillo* at *6 (quoting *Martinez v. Hyde*, 792 F. Supp. 3d 211, 215 (D. Mass. 2025) (internal citations omitted)).

Thus, Petitioner's status as a parolee undermines his claim that he is eligible for discretionary detention and a bond hearing under § 1226. Rather, his treatment by the government indicates instead that it considered him "stopped at the border" notwithstanding the fact that he lived in this country for over three years before being re-apprehended. The Court concludes that Petitioner does not qualify for habeas relief on this alternate ground.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 5

## IV.   CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.      The amended petition for writ of habeas corpus (Dkt. 10) is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to Petitioner at his last known address.

Dated this 29th day of May, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 6